IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: ) | Chapter 7 |
| ) | |
| Daniel Eric Pettit ) | Case No. 24-01387-lmj7 |
| ) | |
| _____Debtor._____ ) | |
| Mary R. Jensen, Acting United States Trustee, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No. 25-30008-lmj |
| vs. ) | |
| ) | |
| Daniel Eric Pettit ) | |
| ) | |
| Defendant. ) | |

**STIPULATION AND CONSENT TO ENTRY OF ORDER DENYING DISCHARGE**

The United States Trustee for Region 12, by the Trial Attorney, and Debtor, Daniel E. Pettit ("Debtor" or "Pettit"), by his attorney David A. Morse, submit the following stipulation consenting to entry of an order denying the discharge of Debtor as sought in case no. 24-01387-lmj7. In support of the Stipulation the parties represent as follows:

1.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and Fed R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.  This motion arises under 11 U.S.C. § 727(a)(10). This motion is filed under Fed. R. Bankr. P. 9014. The United States Trustee and Debtor request the Court approve Debtor's waiver of discharge.

3.  After this case was commenced, the United States Trustee investigated Debtor's financial circumstances, ownership interests in certain assets and businesses, representations made by Debtor in his bankruptcy documents and during the Section 341 meeting of creditors. Subsequent thereto, the United States Trustee concluded grounds existed to seek to deny Debtor's discharge pursuant to 11 U.S.C. § 727.

1

4. The United States Trustee filed adversary proceeding no. 25-30008 against Debtor on March 6, 2025.

5. Debtor has consulted with Mr. Morse regarding the issues involved with the adversary proceeding and the consequences of waiving his discharge. After discussions between the parties, through counsel, Debtor agreed that all pending matters could be resolved if the Court approved a written waiver of Debtor's discharge. Debtor has now executed a written waiver of discharge, attached as Exhibit 1, and the parties hereby further stipulate and agree as follows:

    A. Pettit agrees that the Court may enter an order denying his discharge under any or all of the provisions of 11 U.S.C. § 727.

    B. Pettit is and at all times relevant herein, represented by attorney David Morse.

    C. Pettit has been advised that the denial of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge. *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985).

    D. Pettit has been advised that through filing an adversary complaint to deny Debtor's discharge the United States Trustee bears the burden of proof as to each element of the complaint by a preponderance of the evidence. Fed.R.Bankr.P. 4005; *Grogan v. Grogan*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

    E. Pettit has been advised that by entering into this Stipulation he is waiving his right to trial and to have this matter decided by the Court.

    F. Pettit has been advised of the effects of a denial of discharge in his chapter 7 case including: (i) the limitations on any later discharge of the debts listed in his Schedules and (ii) the rights of creditors to seek to collect on debts listed in his Schedules (to the extent such debts are not resolved through the chapter 7 process).

6. Pettit and the United States Trustee declare and represent that no promise, inducement not expressed in this Stipulation was made to induce Pettit to enter into this Stipulation. This Stipulation contains the entire understanding and agreement between the parties in all respects.

7. Pettit understands and agrees that this Stipulation does not contain a release of any claims or liability arising under any statute or common law, except those claims which might arise or be alleged under 11 U.S.C. § 727. Pettit further understands and agrees to be subject to the terms and conditions set forth in this Stipulation.

8. Each individual signing this Stipulation warrants and represents that they have full authority to execute this Stipulation on behalf of their client.

9. Pettit and the United States Trustee, each acknowledge that: (i) this Stipulation and its reduction to final form are a result of good faith negotiations between the parties through their respective counsel; (ii) said counsel have carefully reviewed and examined this Stipulation before execution; and, (iii) any statute or rule of construction stating that ambiguities are to be resolved against the drafting parties shall not be employed in the interpretation of this Stipulation.

10. This Stipulation shall not be considered an admission by Pettit as to any allegation contained herein in any later civil or criminal proceeding. Nor may this Stipulation, or any allegation or admission contained herein, be introduced to prove any fact in or to meet a party's burden to produce evidence any other civil or criminal action.

11. Pettit and the United States Trustee request this Stipulation be implemented by entry of the appropriate Order by the Bankruptcy Court.

Accordingly, and based on the foregoing Stipulation, the parties hereto respectfully request the Court accept this Stipulation and enter an order denying the discharge of Pettit in his chapter 7 case no. 24-01387-lmj7.

Dated: May, 16. 2025

/s/ Alexandria Quinn-Hanse
**Alexandria Quinn-Hanse**
ID # AT0013462
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (515) 284-4985
Allie.Quinn-Hanse@usdoj.gov
TRIAL ATTORNEY FOR UST

/s/
**David A. Morse**
Dave Morse Law
1010 Insurance Exchange Building
Des Moines, IA 50309
E-mail: dave@davemorselaw.com
Tel: (515) 243-7600
ATTORNEY FOR DEBTOR/DEFENDANT

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Daniel Eric Pettit | ) | Case No. 24-01387-lmj7 |
| | ) | |
| _____Debtor._____ | ) | |
| Mary R. Jensen, Acting United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 25-30008-lmj |
| vs. | ) | |
| | ) | |
| Daniel Eric Pettit | ) | |
| | ) | |
| Defendant. | ) | |

## WAIVER OF DISCHARGE

The undersigned declared under penalty of perjury as follows:

1. I waive my right to receive a discharge in the bankruptcy case numbered 24-01387-lmj7.

2. I understand that a discharge in a future bankruptcy case will not discharge the debts that were scheduled or that could have been scheduled in this bankruptcy case, as specified under 11 U.S.C. § 523(a)(10). This waiver of discharge does not limit or prevent me from seeking a subsequent discharge under 11 U.S.C. § 1328(a).

3. I acknowledge that I had legal counsel in this bankruptcy case and that I have consulted legal counsel regarding the legal effect of waiving my discharge.

4. I request that the Court approve the waiver of discharge and enter an order denying discharge under any or all of the provisions of 11 U.S.C. § 727.

Debtor,

*/s/ Daniel Pettit*

Dated: April 20, 2025

**Daniel Eric Pettit**